UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BOWMAN,

        Petitioner,               Case Number: 2:10-CV-13385

v.                                        HON. NANCY G. EDMUNDS

DEBRA SCUTT,

        Respondent.
        _____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Michael Bowman has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, presently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, challenges his convictions for first-degree murder, kidnapping, and conspiracy to commit kidnapping. Now before the Court is Respondent's Motion to Dismiss on the ground that the petition was not timely filed. The Court finds that the petition was not timely filed and Petitioner is not entitled to equitable tolling. Therefore, the motion will be granted.

### I. Background

Following a jury trial in St. Clair County Circuit Court, Petitioner was convicted of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), kidnapping, Mich. Comp. Laws § 750.349, and conspiracy to commit kidnapping, Mich. Comp. Laws §

750.157a.  He was sentenced as a fourth habitual offender to life in prison for the murder conviction, and concurrent terms of 30 to 50 years in prison for the kidnapping and conspiracy convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  The Michigan Court of Appeals affirmed his convictions.  *People v. Bowman*, No. 270443 (Mich. Ct. App. Nov. 15, 2007).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  On March 24, 2008, the Michigan Supreme Court denied leave to appeal.  *People v. Bowman*, 480 Mich. 1138 (Mich. 2008).

On June 4, 2008, Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion.  *People v. Bowman*, No. 05-001856-FC (St. Clair County Circuit Court June 27, 2008).  Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals.  The Michigan Court of Appeals denied leave to appeal.  *People v. Bowman*, No. 286761 (Mich. Ct. App. Nov. 10, 2008).  On August 6, 2009, the Michigan Supreme Court denied Petitioner's application for leave to appeal.  *People v. Bowman*, 484 Mich. 865 (Mich. 2009).

Petitioner filed the pending habeas corpus petition on August 25, 2010.

## II.  Petitioner's Motion to Amend

Petitioner has filed a motion to amend his pleadings to include additional supporting documents.  Section 2242 of Title 28 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure

2

applicable to civil actions." 28 U.S.C. § 2242. The applicable civil rule, Federal Rule of Civil Procedure 15, allows a party to amend a pleading once as a matter of course at any time before a responsive pleading is served or by leave of court. A responsive pleading had not yet been filed when Petitioner filed his motion. Therefore, the motion will be granted.

### III. Discussion

Respondent argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on March 24, 2008. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme

Court, which he did not do. Thus, his conviction became final on June 22, 2008, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period would have commenced on June 23, 2008. The limitations period, however, did not commence on that date because Petitioner filed a motion for relief from judgment in the trial court on June 4, 2008. That motion, a properly filed application for collateral review, served to toll the limitations period. The limitations period began to run on August 8, 2009, the day after the Michigan Supreme Court denied Petitioner's application for leave to appeal. It continued to run, uninterrupted, until it expired on August 8, 2010. The pending petition was filed after the limitations period expired and, therefore, is untimely.

      Petitioner does not argue that he is entitled to equitable tolling of the limitations period and the Court finds no basis for tolling the limitations period.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [dkt. #8] and Petitioner's Motion to Amend [dkt. #6] are **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

    s/Nancy G. Edmunds  
    Nancy G. Edmunds  
    United States District Judge

Dated: May 31, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2011, by electronic and/or ordinary mail.

    s/Carol A. Hemeyer  
    Case Manager